UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORY ALAN GRIMALDO,<br><br>    Defendant. | No. 2:10-cr-00355-GEB-1<br><br>**ORDER DENYING MOTION FOR BAIL PENDING APPEAL** |

On September 15, 2015, Defendant filed a "motion [under] 18 U.S.C. § 3143(h), Fed[eral] Rules Of Appellate Procedure 9(c), and Federal Rules Of Criminal Procedure 46(c) . . . seeking bail pending appeal." (Def.'s Mot. for Bail 1:14-18, ECF No. 91.) Defendant argues "he is neither a flight risk [n]or a danger to the community[,]" and "[his] appeal raises a substantial question of law and fact 'likely' to result in a lower sentence, or a sentence <u>less</u> than the total already served." (<u>Id.</u> at 5:26-27, 6:15-18.) Specifically, Defendant contends the undersigned judge "provided insufficient reasons for [his] imposition of a sentence outside of the recommended range," "just as in" <u>United States v. Miqbel</u>, 444 F.3d 1173, 1181 (9th Cir. 2006), where the Ninth Circuit "conclude[d] that the district court failed to set forth the specific reasons for imposing a sentence that differs from that recommended by the applicable policy statement." Defendant also appears to argue

1

that his sentence was unreasonable.[1] (Id. at 4:15-18.)

The government opposes Defendant's motion, rejoining "[Defendant] is ineligible for release: The defendant is a flight risk and a danger to the community, and his legal arguments fail to raise a substantial question of law or fact." (Gov't Opp'n 1:17-19, ECF No. 93.) The government argues, *inter alia*:

> [Defendant] challenges . . . the reasonableness of his sentence, and the district court's explanation of [his] sentence. . . . However, . . . [t]he district court . . . articulated that it was choosing to depart upward because of the defendant's repeated failures on supervision. The court also clearly stated that, in making its decision, it had "considered the statutory provisions, including the applicable and relevant factors in Section 3583(e), and the policy statements issued by the Sentencing Commission." [Tr. 5:23-6:15, ECF No. 90]. This explanation of the sentence was sufficient . . . .

(Id. at 3:3-13.)

> [A] court must find the following to grant bail pending appeal:
>
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person in the community if released;
>
> (2) that the appeal is not for purpose of delay;
>
> (3) **that the appeal raises a substantial question of law or fact**; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985)

---

[1] The government's opposition references additional issues that Defendant apparently raises on appeal. However, Defendant does not rely on those issues to support his motion. Therefore, they are not addressed herein.

2

(emphasis added). "The word 'substantial' defines the level of merit required in the question raised on appeal . . . ." Id. at 1281. "[A] 'substantial question' is one that is 'fairly debatable,' or 'fairly doubtful.'" Id. at 1283 (citations omitted). "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." Id. (internal quotation marks omitted) (quoting United States v. Giancola, 754 F.2d 898, 901 (9th Cir. 1985)).

Here, Defendant has not shown that his appeal raises a substantial question of law or fact. See Handy, 761 F.2d 1283 (indicating Defendant bears the burden of proof on motion for bail pending appeal). Although Defendant argues that his sentence was unreasonable and that insufficient reasons were stated to impose an above-guidelines sentence, the transcript from Defendant's April 10, 2015 Final Revocation Proceedings belies his arguments. The applicable advisory guideline imprisonment range was six to twelve months, and probation and the government recommended a sentence of twenty-four months. (Tr. 2:1-4, 5:6-7.) Defendant's attorney "ask[ed] the Court to go with either 12 months or, the absolute maximum, 18 months." (Id. at 2:25-3:1.) After hearing argument from the government and Defendant's counsel, and listening to the Defendant's comments, the undersigned judge stated:

> I think it's pretty obvious that [Defendant] can't be supervised. He's a failure on supervision. Deterrence is a significant factor. He fails to obey conditions of supervised release.
>
> However, I don't have a strong conviction that I should put him in jail for 24 months. Therefore, I will do what his

3

>lawyer has asked for. However, it will be an upward departure, and he will be placed in jail for a lesser period than what is recommended.
>
>I have considered the statutory provisions, including the applicable and relevant factors in Section 3583(e) and the policy statements issued by the Sentencing Commission. I find the releasee has violated the terms and conditions of supervision as alleged in the petition filed January 20th, 2015. It is the judgment of the Court that the supervised release granted on November 15th, 2013 is revoked, and he is committed to the custody of the Bureau of Prisons for a term of 18 months.

(Id. at 5:23-6:15.)

For the stated reasons, Defendant's motion for bail pending appeal is DENIED.

Dated:  October 2, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4